MISSOURI, KANSAS & TEXAS COMPANY OF TEXAS ET AL. v. WASSON BROTHERS.

Decided February 12, 1910.

**1.—Shipment of Cattle—Damage—Intrinsic Value.**

Evidence stated and held sufficient to warrant the court in assuming in its charge to the jury that there was no market value for the cattle in question at their destination, and to use their intrinsic value in estimating plaintiff's damage.

**2.—Same—Measure of Damage.**

Where there is no market value for live stock at their destination, their intrinsic value should be used in estimating the damage inflicted during a shipment, and not their market value at the nearest market.

**3.—Same—Negligence Without Injury—Charge.**

While it is a correct proposition of law that negligence without resulting injury is not actionable, charge of the court considered and held to sufficiently state said proposition and to justify the court in refusing a special charge to the same effect.

Appeal from the District Court of Mitchell County. Tried below before Hon. Jas. L. Shepherd.

*Coke, Miller & Coke, R. A. Jeffress* and *Royall Smith,* for appellants.

*Ed J. Hamner,* for appellees.

CONNER, CHIEF JUSTICE.—This is an appeal from a judgment in appellees' favor for eighteen hundred dollars, with interest at the legal rate from May 2, 1907. The action was predicated upon negligence and resultant damage in the transportation of cattle from Big Springs, Texas, to Sedan, Kansas.

The court instructed the jury that, if they found the facts constituting negligence as alleged, and that the cattle were injured, that the measure of the plaintiffs' damage would be the intrinsic value at Sedan of the cattle killed, of which there were a number, plus the difference in value, if any, in the intrinsic value of the surviving cattle at the time and in the condition in which they were delivered, and at the time and in the condition in which they should have been delivered. It is insisted in effect that the charge is erroneous in that the evidence of no market value at Sedan is too inconclusive to authorize the assumption of that fact, and that in the absence of a market at Sedan the measure of damage was the difference, if any, in the market value at the nearest market.

I. E. Wasson testified that "there was no market for our cattle in the condition they were in at the time we arrived at Sedan; there was no place at which cattle such as these could be sold at Sedan, and there were no stock yards there—nothing except the railroad pens; no barns where cattle were sold and no commission merchants there. If there had been any commission merchants or other people there buying and selling cattle at that time I would have known of it." Claud Wasson testified that Sedan was a place of about fifteen hundred inhabitants; that he had been in and around Sedan for some time preceding the shipment; that there were no yards, commission merchants or sales of cattle there that he ever heard of. This testimony was not only admissible, but, in the absence of other evidence on the subject (and there was none other), justified the assumption by the court in his charge that there was no market value of appellees' cattle at Sedan, either at the time they did arrive or at the time they should have arrived there. Where a material fact is established by the undisputed

evidence it is not erroneous for the court to assume it in the charge; indeed, it has often been held to be erroneous to otherwise submit it. The contention that in the absence of market value at Sedan the market value of the cattle in the nearest market should govern, is distinctly contrary to the determination of this court on the same subject in the case of Atchison, T. & S. F. Ry. v. Veale & Co., 39 Texas Civ. App., 37 (87 S. W., 202).

Appellants requested special charges to the effect that, unless injury to the cattle had been shown to result from certain switching, and a certain delay at Muskogee, no damages therefor could be allowed. Abstractly the propositions are sound, but the court placed the burden upon appellees to establish not only the negligence alleged, but also that thereby the cattle were injured, and further distinctly instructed the jury that neither defendant was liable for "delays or handling" which was reasonable and necessary for the transportation. This, we think, was sufficient in any view of the case. As applicable here, what we said in the case of the Fort Worth Belt Railway Company v. Johnson (ante, 105) may be repeated: "While it is the right of a litigant to have presented in an affirmative form any group of facts constituting a defense, this right should not be so extended as to require the trial court to emphasize by a special charge each separate fact constituting the group."

These conclusions sufficiently dispose of all assignments of error, and the evidence being sufficient to support the material allegations of appellees' petition, it is ordered that the judgment be affirmed.

*Affirmed.*

Writ of error refused.